## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| BURGESS BIOPOWER, LLC, | Case No.24-10235 (LSS) |
| Debtor. | Federal Tax I.D. No. 32-2410971 |
| In re | Chapter 11 |
| BERLIN STATION, LLC, | Case No. 24-10236 (LSS) |
| Debtor. | Federal Tax I.D. No. 32-0341913 |

## MOTION OF THE DEBTORS FOR ORDER (I) DIRECTING JOINT ADMINISTRATION OF CHAPTER 11 CASES PURSUANT TO RULE 1015(b) OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AND (II) GRANTING RELATED RELIEF

Burgess BioPower, LLC ("Burgess") and Berlin Station, LLC ("Berlin"), the debtors and debtors in possession in the above captioned cases (collectively, the "Debtors"), hereby submit this *Motion of the Debtors for Order (I) Directing Joint Administration of Chapter 11 Cases Pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and (II) Granting Related Relief* (the "Motion").  In support of the Motion, the Debtors respectfully state as follows:

## JURISDICTION AND VENUE

1.     This Court has jurisdiction to consider and determine this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This is a core proceeding

within the meaning of 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory predicates for the relief sought herein are Section 105(a) of Title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code"), Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

3.      Pursuant to Local Rule 9013-1(f), the Debtors consent to the entry of a final order or judgment by the Court in connection with this Motion if it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## **BACKGROUND**

4.      On the date hereof (the "Petition Date"), the Debtors commenced the above-captioned chapter 11 cases (the "Chapter 11 Cases") by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code with the Court.

5.      The Debtors are authorized to continue to operate their business and manage their properties as debtors in possession, pursuant to Bankruptcy Code Sections 1107(a) and 1108. As of the date of this Motion, no trustee, examiner or statutory committee has been appointed in these Chapter 11 Cases.

6.      Additional information regarding the circumstances leading to the commencement of these Chapter 11 Cases and information regarding the Debtors' business and capital structure is set forth in detail in the *Declaration of Dean Vomero Pursuant to 28 U.S.C. § 1746 in Support of*

*the Debtors' Chapter 11 Petitions and First Day Pleadings* ("First Day Declaration"), filed

contemporaneously with this Motion and incorporated herein by reference.[1]

## RELIEF REQUESTED

7.      By this Motion, the Debtors request, pursuant to Rule 1015(b) of the Bankruptcy

Rules and Rule 1015-1 of the Local Rules, entry of an order directing (i) the joint administration

of the Chapter 11 Cases for procedural purposes only, (ii) parties in interest to use the consolidated

caption referenced herein for any pleading relating to any of the jointly-administered cases, and

(iii) granting related relief.

## BASIS FOR RELIEF REQUESTED

8.      Bankruptcy Rule 1015(b) provides, in relevant part, that "[i]f ... two or more

petitions are pending in the same court by or against ... a debtor and an affiliate, the court may

order a joint administration of the estates." Fed. R. Bankr. P. 1015(b).  The Debtors are "affiliates"

as defined under § 101(2) of the Bankruptcy Code. Accordingly, this Court is authorized to

consolidate these cases for procedural purposes.

9.      In addition, Local Rule 1015-1 provides, in relevant part, as follows:

> An order of joint administration may be entered, without notice and
> an opportunity for hearing, upon the filing of a motion for joint
> administration ... supported by an affidavit, declaration or
> verification, which establishes that the joint administration of two or
> more cases pending in this Court under title 11 is warranted and will
> ease the administrative burden for the Court and the parties.

Del. Bankr. L.R. 1015-1.

---

[1] The First Day Declaration and other relevant case information are available on the following website maintained by the Debtors' proposed claims and noticing agent, Epiq: https://dm.epiq11.com/Burgess

10.     The Debtors have filed the First Day Declaration contemporaneously herewith. The First Day Declaration establishes that the joint administration of the Debtors' respective estates is warranted and will ease the administrative burden for the Court and the parties.

11.     As set forth in the First Day Declaration, joint administration of these cases will remove the need to prepare, replicate, file and serve duplicative notices, applications and orders, and, therefore, the Debtors and their estates will save substantial time and expense.  Further, joint administration will relieve the Court of the burden of entering duplicative orders and maintaining duplicative files and dockets.  The Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") and other parties in interest will similarly benefit from joint administration of these Chapter 11 Cases by sparing them the time and effort of reviewing duplicative pleadings and papers; provided, however, that all schedules of assets and liabilities, statements of financial affairs, and proofs of claims will be captioned and filed in each of the Debtors' respective, separate cases, as appropriate.

12.     As such, joint administration will promote the economical and efficient administration of the Debtors' estates to the benefit of the Debtors, creditors, the U.S. Trustee, and the Court.  Furthermore, joint administration will not adversely affect creditors' rights because this Motion requests only the administrative consolidation of the estates and is purely procedure in nature.  As such, each creditor will continue to hold its claim against a particular Debtors' estates after the relief requested in the Motion is granted.

13.     Accordingly, the Debtors respectfully request that the caption of their cases be modified as follows:

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 11 |
| BURGESS BIOPOWER, LLC, *et al.*[1] | Case No. 24-10235 (LSS) |
| Debtors. | (Jointly Administered) |

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are: Burgess BioPower, LLC (0971) and Berlin Station, LLC (1913). The Debtors' corporate headquarters are located at c/o CS Operations, Inc., 631 US Hwy 1, #300, North Palm Beach, FL 33408.

As reflected in the above caption, footnote 1 will set forth a complete listing of the Debtors' names, as well as the last four digits of each Debtor's federal tax identification number and the Debtors' mailing address.

14.     The Debtors also request that the Court make a separate docket entry, substantially similar to the following, in the chapter 11 case of Debtor Berlin Station, LLC:

> The Bankruptcy Court has entered an Order in accordance with Federal Rule of Bankruptcy Procedure 1015(b), for procedural purposes only, that provides for joint administration of the chapter 11 cases of Burgess BioPower, LLC and its affiliate Berlin Station, LLC. The docket in Case No. 24-10235 (LSS) should be consulted for all matters affecting this case.

15.     As joint administration is a procedural matter only, the Debtors respectfully request that the Court direct that any creditor filing a proof of claim against any of the Debtors or their respective estates clearly assert its claim against the particular Debtor obligated on such claim, and not against the jointly administered Debtors.

16.     An order of joint administration relates to the routine administration of a case and may be entered by the Court, in its sole discretion, on an *ex parte* basis.  *See* Del. Bankr. L.R. 1015-1.  No party will be prejudiced by virtue of the relief requested in this Motion.  Specifically, the relief sought herein is solely procedural and not intended to affect substantive rights.

17.     Based on the foregoing, the Debtors submit that the relief requested is necessary, appropriate and in the best interests of their estates and creditors and, therefore, the Motion should be granted.

## NOTICE AND NO PRIOR REQUEST

18.     Notice of the Motion has been or will be provided to (a) the U.S. Trustee (Attn: Jane M. Leamy); (b) the holders of the twenty (20) largest unsecured claims against each Debtor; (c) counsel to Deutsche Bank Trust Company Americas in its capacity as Collateral Agent, Hogan Lovells LLP; (d) counsel to the DIP Lenders and the Senior Secured Noteholders, Greenberg Traurig, LLP; (e) Berlin Biopower Investment Fund, LLC, with a copy to Murray Plumb & Murray; (f) Greenline CDF Subfund XVIII LLC, with a copy to Kutak Rock LLP, U.S. Bancorp Community Development Corporation and Leverage Law Group, LLC; (g) Public Service of New Hampshire d/b/a Eversource Energy, with a copy to Hunton Andrews Kurth LLP; (h) the United States Attorney's Office for the District of Delaware; (i) the United States Attorney's Office for the District of New Hampshire; (j) the United States Environmental Protection Agency; (k) the Nuclear Regulatory Commission; (l) the United States Department of Energy; (m) the Federal Energy Regulatory Commission; (n) New Hampshire Department of Environmental Services; (o) New Hampshire Public Utilities Commission; (p) New Hampshire Site Evaluation Committee; (q) New Hampshire Department of Energy; (r) City of Berlin; (s) ISO New England, Inc.; (t) the United States Securities and Exchange Commission; (u) the Internal Revenue Service; and (v) any

party that has requested notice pursuant to Bankruptcy Rule 2002.  As this Motion is seeking "first day" relief, the Debtors will serve copies of this Motion and any order entered in response of this Motion as required by Local Rule 9013-1(m).  The Debtors submit that, under the circumstances, no other or further notice is required.

19.     No prior request for the relief sought in this Motion has been made to this or any other court.

**WHEREFORE**, the Debtors respectfully request that the Court grant the relief requested herein and such other and further relief as the Court may deem just and proper.

Dated: February 9, 2024

*/s/ Chantelle D. McClamb*
Chantelle D. McClamb (No. 5978)
**GIBBONS P.C.**
300 Delaware Avenue, Suite 1015
Wilmington, Delaware 19801
Telephone: (302) 518-6300
E-mail: cmcclamb@gibbonslaw.com

-and-

Robert K. Malone (pro hac vice pending)
Kyle P. McEvilly (pro hac vice pending)
**GIBBONS P.C.**
One Gateway Center
Newark, New Jersey 07102
Telephone: (973) 596-4500
E-mail:  rmalone@gibbonslaw.com
          kmcevilly@gibbsonlaw.com

*Proposed Co-Counsel for Debtors Burgess BioPower, LLC and Berlin Station, LLC*

Alison D. Bauer (pro hac vice pending)
William F. Gray, Jr. (pro hac vice pending)
Jiun-Wen Bob Teoh (pro hac vice pending)
**FOLEY HOAG LLP**
1301 Avenue of the Americas, 25th Floor
New York, New York 10019
Telephone: (212) 812-0400
Email:  abauer@foleyhoag.com
          wgray@foleyhoag.com
          jteoh@foleyhoag.com

-and-

Kenneth S. Leonetti (pro hac vice pending)
Christian Garcia (pro hac vice pending)
**FOLEY HOAG LLP**
155 Seaport Boulevard
Boston, Massachusetts 02210
Telephone: (617) 832-1000
Email: ksl@foleyhoag.com
          cgarcia@foleyhoag.com

*Proposed Co-Counsel for Debtors Burgess BioPower, LLC and Berlin Station, LLC*