**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>BURGESS BIOPOWER, LLC, *et al*.,[1]<br><br>Debtors. | Chapter 11<br>Case No. 24-10235 (LSS)<br><br>Related to Dkt. Nos. 288, 311, & 324 |

**LIMITED OBJECTION OF THE STATE OF NEW HAMPSHIRE DEPARTMENT OF ENVIRONMENTAL SERVICES TO (I) CONFIRMATION OF THE DEBTORS' JOINT CHAPTER 11 PLAN AND (II) APPROVAL OF THE SALE OF SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS**

The State of New Hampshire (the "State"), acting through its New Hampshire Department of Environmental Services ("DES") and other agencies, hereby files this objection, on a limited basis, (this "Objection") to (i) confirmation of the *First Amended Joint chapter 11 Plan for Burgess Biopower, LLC and Berlin Station, LLC* [Dkt. No. 311] (the "Plan"), and (ii) a sale of all of substantially all of the assets (a "Sale") of Burgess Biopower, LLC and Berlin Station, LLC (together the "Debtors"), as contemplated by the *Order (I) Approving Bid Procedures Relating to the Sale of All or Substantially All of the Debtors' Assets, (II) Scheduling a Hearing to Consider the Sale, (III) Approving the Form and Manner of Notice of Sale by Auction, (IV) Establishing Procedures for the Assumption and/or Assumption and Assignment of Contracts and Leases and Approving the Form and Manner of Notice Thereof, and (V) Granting Related Relief* [Dkt No. 288] (the "Sale Procedures Order"). In further support of this Objection, the State states as follows:

## RELEVANT BACKGROUND

1. The State has police and regulatory jurisdiction over the Debtors' facilities, which

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are: Burgess BioPower, LLC (0971) and Berlin Station, LLC (1913). The Debtors' corporate headquarters are located at c/o CS Operations, Inc., 631 US Hwy 1, #300, North Palm Beach, FL 33408.

consist of a 75-megawatt biomass-fueled power plant located on an approximately 62-acre site in Berlin, New Hampshire (the "Facility").

2. The DES is the State agency responsible for protecting and restoring environmental and public health in New Hampshire. This includes, alongside other State agencies, responsibility for regulation and oversight of power plants located in the State of New Hampshire, including the Facility.

3. The State understands that the Debtors in this case are proceeding with a so-called "toggle" plan by simultaneously pursuing both a sale process and a reorganization through a plan. *See* Docket No. 251 (the "Disclosure Statement") at p. 14. As of the filing of this Objection, it is not clear to the State whether the Debtors' intention is to pursue confirmation of a standalone Plan, or whether the Debtors intend to seek approval of a Sale to be effectuated through a confirmed Plan or through a separate order approving such Sale.[2]

**LIMITED OBJECTION**

4. While the State does not object outright to confirmation of the Plan or a Sale of the Debtors' assets, the State must ensure that any order confirming the Plan or effectuating a Sale clearly preserves the State's police and regulatory jurisdiction over the Facilities.

5. Accordingly, the State has requested that the Debtors include language in any proposed confirmation or sale order that clarifies such order will not (i) preclude any enforcement of any police or regulatory liability against any entity that takes ownership of the Facility under a confirmed Plan or through a Sale; or (ii) authorize the transfer or assignment of any environmental

[2] For example, the Debtor's Plan contemplates a "Sale Scenario" whereby a Sale pursuant to section 363 of the Bankruptcy Code would be authorized through the order confirming the Plan. *Plan*, Dkt. No. 311-1, p. 41. At the same time, the Debtors' Sale Procedures Order and related documents make reference to a separate "Sale Order" for approval of a Sale. *See, e.g.*, *Sale Procedures Order*, ¶ 18. The deadlines to object to either confirmation of the Plan or approval of a Sale pursuant to the Sale Procedures Order occur on different days. Out of an abundance of caution, the State files this Objection to both confirmation of the Plan and approval of a Sale in connection with the Sale Procedures Order to ensure that its interests are protected in any eventuality.

license or permit without compliance with appliable legal requirements.

6. More specifically, the State has requested that the Debtors include the following provisions in any proposed confirmation order or sale order:

a. **Police and Regulatory Liability.** Notwithstanding anything to the contrary in the [Plan, this Confirmation Order, [the Sale Order, or] the Transaction Documents], nothing in the [the Plan, this Confirmation Order, [the Sale Order, or] the Transaction Documents] shall release, nullify, preclude, or enjoin the enforcement of any police or regulatory liability to a governmental unit that any entity would be subject to as the owner or operator of property after the date of entry of this [Confirmation Order or Sale Order]; *provided, however*, that nothing herein shall subject the buyer to any liability to a governmental unit for: (i) any fines or penalties for days of violation prior to closing; or (ii) response costs incurred by a governmental unit prior to Closing (or after Closing if determined so by a court of competent jurisdiction as a matter of applicable, nonbankruptcy law).

b. **Transfer or Assignment of Governmental Licenses, Etc.** Nothing in [the Plan, this Confirmation Order, [the Sale Order, or] the Transaction Documents] authorizes the transfer or assignment of any federal or state environmental: (a) license; (b) permit; (c) registration; (d) authorization; or (e) approval, or the discontinuation of any obligation thereunder, without compliance with all applicable legal requirements and approvals under police or regulatory law.

7. To the extent that any proposed order confirming the Plan or approving a sale fails to include such language or similar provisos making clear that police and regulatory powers are unaffected, the State objects.

8. Finally, to the extent that the releases contained in Article VIII of the Plan apply to the State or may be construed to limit the State's claims or interests in any way, the State objects. Pursuant to section 502(b)(9) of the Bankruptcy Code and this Court's *Order (I) Establishing Deadlines for the Filing of Proofs of Claim, Including for Claims Arising under Section 503(b)(9) of the Bankruptcy Code; (II) Approving the Form and Manner of Notice Thereof; and (III) Granting Related Relief* [Dkt. No. 267] (the "Bar Date Order"), the deadline for the State

to file proofs of claim has not yet occurred and the State's interests are not fully known. The State does not consent to the release of its claims or interests against any Released Parties (as defined by the Plan) at this time, whether such claims or interests or presently known or unknown.

## RESERVATION OF RIGHTS

9. All parties are hereby advised that additional State agencies may have additional grounds to object to a sale and may assert such grounds.

10. All parties are further advised that State reserves and does not waive the right to raise any additional ground for objection to confirmation of the Plan or approval of a Sale.

## CONCLUSION

Based on the foregoing, the State (i) requests that the language set forth in Paragraph 6 of this Objection be included in any confirmation or sale order, (ii) objects to the releases in Article VIII of the Plan to the extent that such releases affect the State's interests, and (iii) requests that the Court grant any additional relief that is appropriate.

Respectfully submitted,

THE STATE OF NEW HAMPSHIRE

By its attorneys,

JOHN M. FORMELLA
ATTORNEY GENERAL

Dated: May 14, 2024

/s/ Duncan A. Edgar

Duncan A. Edgar, Esq.
Assistant Attorney General
New Hampshire Department of Justice
1 Granite Place South
Concord, NH 03301
(603) 271-4900
duncan.a.edgar@doj.nh.gov

Date: May 14, 2024

*/s/ Andrew C. Helman*
Andrew C. Helman
Kyle D. Smith
DENTONS BINGHAM GREENEBAUM LLP
One City Center, Suite 11100
Portland, Maine 04101
(207) 619-0919
andrew.helman@dentons.com
kyle.d.smith@dentons.com

*Counsel to the State of New Hampshire*

**CERTIFICATE OF SERVICE**

I, Duncan A. Edgar, an individual eighteen years of age or older, hereby certify that on the date set forth below, I caused the foregoing document to be served on all parties receiving notice and service in this case through the Court's CM/ECF electronic filing service, which served the same on the parties receiving notice via the CM/ECF system.

Dated: May 14, 2024

/s/ Duncan A. Edgar

Duncan A. Edgar, Esq.
Assistant Attorney General
New Hampshire Department of Justice
Civil Law Bureau
1 Granite Place South
Concord, NH 03301
(603) 271-4900
duncan.a.edgar@doj.nh.gov